UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **JACOB RAMOS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 24-2140-SEM-DJQ |
| | ) |
| | ) |
| **DR. GONZALEZ,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Jacob Ramos has filed the instant case under 42 U.S.C. § 1983 alleging a violation of his Eighth Amendment rights. When he filed this case through counsel, Plaintiff was an inmate with the Illinois Department of Corrections ("IDOC") and was housed at the IDOC's Lincoln Correctional Center ("Lincoln"). Although Plaintiff has now been released from the IDOC's custody and although he is no longer incarcerated anywhere, the Court must conduct a merit review of Plaintiff's claims contained within his Complaint because he was, during the relevant time, a prisoner for purposes of the Prison Litigation Reform Act ("PLRA").

Accordingly, the Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint and, through such process, to identify

and dismiss any legally insufficient claim or the entire action, if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

In his Complaint, Plaintiff alleges that, when he was incarcerated at Lincoln, he suffered from lower back pain and hip pain. Plaintiff further alleges that he made each of the named Defendants aware of his need for medical attention to alleviate his pain, but none of the Defendants would help him.

Instead, Plaintiff claims that Defendants either ignored his serious medical needs, or they knowingly provided ineffective treatment for his pain. Plaintiff asserts that his pain did not resolve until he finally received surgery on December 6, 2022. Plaintiff has

filed this lawsuit alleging that Defendants' indifference towards his serious medical needs, including their delay in treating his medical condition, violated his Constitutional rights.

The Court finds that Plaintiff's Complaint states a claim for deliberate indifference towards his serious medical needs in violation of his Eighth Amendment rights against the named Defendants.

Finally, Plaintiff has filed two motions that need resolution. *First,* Plaintiff has filed a motion for counsel. Plaintiff claims that he is indigent and that he does not know how to litigate this case without the assistance of counsel. Plaintiff represents that he has tried to find a new attorney to represent him since his prior counsel withdrew, but he has been unsuccessful in his attempts.

As the Court has previously explained to Plaintiff, the Court does not possess the authority to require an attorney to accept *pro bono* appointments on civil cases such as this. *Pruitt v. Mote,* 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court may do is to ask for volunteer counsel. *Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992). In deciding whether to recruit counsel for a pro se litigant, the Court must determine, "given the difficulty

of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt,* 503 F.3d at 654-55.

Here, Plaintiff has failed to demonstrate that he is not competent to litigate the case himself; rather, he simply asks for counsel. Plaintiff has demonstrated an ability to read and write English and to follow the Court's Orders. In fact, Plaintiff represented in a prior motion (D/E 16) that he possess an associate degree. Perhaps most importantly, Defendants have not yet been served, and they have not appeared in this case through counsel or otherwise. Until Defendants have been served, until Defendants file an Answer to Plaintiff's Complaint, and until the Court enters a Scheduling Order, there is nothing for Plaintiff to do at this stage of the litigation, and the Court will not utilize the very limited resource of volunteer counsel at this time. Accordingly, Plaintiff's motion for counsel is denied.

*Second*, Plaintiff has filed a motion seeking leave to proceed in forma pauperis in this case. However, Plaintiff has paid the required filing fee, in full. Therefore, Plaintiff's motion to proceed IFP is denied as moot.

Although the Court has denied his IFP motion, the Court recognizes that Plaintiff has not yet effected service of process on

Defendants. In fact, Plaintiff could not effect service of process on Defendants even when he was represented by counsel. Accordingly, given his pro se status, the Court will attempt to effect service of process on Defendants so that his case may proceed.

**IT IS, THEREFORE, ORDERED:**

1. Plaintiff's motion for counsel [18] is DENIED.

2. Plaintiff's motion for leave to proceed in forma pauperis [20] is DENIED as moot in light of the fact that Plaintiff has paid the required filing fee, in full.

3. Pursuant to its review, the Court finds that Plaintiff's Complaint states a deliberate indifference claim in violation of his Eighth Amendment rights against the named Defendants. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

4. The Clerk is directed to attempt service on Defendants pursuant to the Court's standard procedures.

5. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before

Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

6. The Court will attempt service on Defendants by mailing waivers of service to them. Defendants have sixty (60) days from the date the waiver is sent to file an answer. If Defendants have not filed answers or appeared through counsel within ninety (90) days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

7. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8. Defendants shall file an answer within sixty (60) days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate

under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

9. This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a Scheduling Order, which will explain the discovery process in more detail.

10. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

11. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12. If a Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

13. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

ENTERED this 9th day of September, 2025

                                    <u>s/ Sue E. Myerscough</u>
                                    SUE E. MYERSCOUGH
                          UNITED STATES DISTRICT JUDGE